UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RONALD ALEXANDER GARCIA DELGADO,<br><br>Petitioner,<br><br>v.<br><br>CELTIC BANK,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL (DOC. NO. 1) WITHOUT PREJUDICE**<br><br>Case No. 2:25-mc-01033<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

This subpoena dispute arises from Ronald Alexander Garcia Delgado's action against Experian Information Solutions, Inc., in the Eastern District of Texas.[1]  After nonparty Celtic Bank failed to respond to Mr. Garcia Delgado's subpoenas, he filed a motion to compel the bank's compliance.[2]  Celtic Bank has not responded to the motion. Because the motion to compel is procedurally improper, it is denied without prejudice.

---

[1] (Mot. to Compel Celtic Bank's Compliance With a Federal Subpoena (Mot.) 1, Doc. No. 1 (referencing *Garcia Delgado v. Experian Info. Sols., Inc.*, No. 4:24-cv-00637, (E.D. Tex., filed Jul. 11, 2024)).)

[2] (*Id.*)  The subpoenas list addresses in Salt Lake City, Utah, and the affidavit of service indicates Celtic Bank is located there.  (Ex. 2 to Mot., Subpoenas, Doc. No. 1-3 at 4, 14; Ex. 3 to Mot., Affidavits of Serv., Doc. No. 1-4 at 2–3.)  Accordingly, the District of Utah is the district of compliance.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) (providing that motions to compel compliance with nonparty subpoenas must be filed in "the court for the district where compliance is required"); Fed. R. Civ. P. 45(c)(1)(A), (c)(2)(A) (providing the district of compliance for subpoenas must be "within 100 miles of where the [nonparty] resides, is employed, or regularly transacts business in person"); *Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564, 2024 U.S. Dist. LEXIS 34000, at *11 (N.D. Okla. Feb. 28, 2024) (unpublished) (holding that "a court for the district where compliance is

BACKGROUND

In the underlying action in the Eastern District of Texas, Mr. Garcia Delgado claims Experian violated the Fair Credit Reporting Act[3] by selling an inaccurate credit report to Celtic Bank, which resulted in the denial of his credit application.[4]  Hoping to discover information about the denial, Mr. Garcia Delgado served Celtic Bank with two subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure—one for the production of documents and the other for deposition testimony.[5]  According to Mr. Garcia Delgado, Celtic Bank has not objected to the document subpoena or contested the deposition subpoena.[6]  But the bank has not produced documents, and it failed to appear for the deposition.[7]

After obtaining leave from the district court in the underlying action, Mr. Garcia Delgado filed the present motion seeking an order compelling Celtic Bank's compliance

---

required is the court encompassing the address listed on the subpoena" (internal quotation marks omitted)).

[3] 15 U.S.C. § 1681e(b).

[4] (Ex. 1 to Mot. ¶¶ 174–81, Doc. No. 1-2 (complaint in *Garcia Delgado v. Experian Info. Sols., Inc.*, No. 4:24-cv-00637).)  According to his complaint, Mr. Garcia Delgado submitted a credit application "through Affirm (issued by Celtic Bank)," then Experian sold a credit report about Mr. Garcia Delgado to Affirm.  (*Id.* ¶¶ 128, 131.)

[5] (Mot. 2, Doc. No. 1 (referencing Ex. 2 to Mot., Subpoenas, Doc. No. 1-3 at 4, 14; Ex. 3 to Mot., Affidavits of Serv., Doc. No. 1-4 at 2–3).)  Because the motion's exhibits do not include uniform page numbers, this order refers to their CM/ECF pagination.

[6] (*Id.* at 2–3, 5.)

[7] (*Id.* at 2–3 (citing Ex. 4 to Mot., Affidavit of Nonappearance-Celtic Bank Jul. 3, 2025, Doc. No. 1-5).)

2

with both subpoenas.[8]  In two brief paragraphs, he argues the document subpoena seeks relevant information and the bank "has failed to communicate any objection(s) to the requests or reason(s) for its failure to respond."[9]  Likewise, he argues the deposition subpoena seeks relevant testimony, yet the bank failed to contest the subpoena or appear for the deposition.[10]  For these reasons, Mr. Garcia Delgado contends, the court "should compel [the bank's] cooperation under Rule 45" of the Federal Rules of Civil Procedure.[11]

DISCUSSION

Because the motion to compel is procedurally improper, it is denied without prejudice.  Mr. Garcia Delgado correctly notes that Rule 45 authorizes a party to subpoena a nonparty to produce documents or attend and testify at a deposition.[12]  But apart from noting a nonparty's obligations if it seeks to avoid compliance with a subpoena, Mr. Garcia Delgado does not identify what provision in Rule 45 authorizes his motion to compel Celtic Bank's compliance.  In short, as explained below, the rule does not authorize such a motion or permit the relief Mr. Garcia Delgado seeks.

---

[8] (*Id.* at 3 (citing Ex. 5 to Mot., Nov. 6, 2025 E.D. Tex. Order, Doc. No. 1-6).)

[9] (*Id.* at 4–5.)

[10] (*Id.* at 5.)

[11] (*Id.*)

[12] *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).

3

First, Rule 45(d)(2)(B) provides that a nonparty "commanded to produce documents" may object to the subpoena in writing.[13]  And "[i]f an objection is made," the party who served the subpoena may "move the court for the district where compliance is required for an order compelling production or inspection."[14]  Second, the rule does not allow the serving party to move for an order compelling attendance at a deposition at all.[15]  Here, Mr. Garcia Delgado acknowledges Celtic Bank "failed to communicate any objection(s)" to the subpoena for documents.[16]  Without objections, Rule 45(d)(2)(B) does not apply—Mr. Garcia Delgado cannot move to compel production.[17]  Nor can he move for an order compelling Celtic Bank's attendance at a deposition, where Rule 45 provides no such relief.[18]  The motion to compel is procedurally improper.

---

[13] Fed. R. Civ. P. 45(d)(2)(B).

[14] Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

[15] *See generally* Fed. R. Civ. P. 45; *see also Keller v. Synchrony Bank*, No. 2:24-mc-00648, 2024 U.S. Dist. LEXIS 182137, at *6 (D. Utah Oct. 4, 2024) (unpublished) (explaining Rule 45(d)(2)(B) "does not provide any mechanism" for moving to compel a nonparty's attendance at a deposition); *Bankers Ins. Co. v. Egenberg*, No. CV 19-13129, 2020 U.S. Dist. LEXIS 140129, at *6–7 (E.D. La. Aug. 6, 2020) (unpublished) (noting Rule 45(d)(2)(B) does not permit a motion to compel a nonparty's compliance with a subpoena to appear for a deposition); *MetroPCS v. Thomas*, 327 F.R.D. 600, 614 (N.D. Tex. 2018) (same).

[16] (Mot. 4–5, Doc. No. 1.)

[17] *See Cruz v. AerSale, Inc.*, No. 2:22-cv-857, 2025 U.S. Dist. LEXIS 94550, at *9 (D.N.M. May 16, 2025) (unpublished) ("Rule 45(d)(2)(B) by its own terms applies only where the third party makes objections.  And, here, no objections were served." (citation omitted)).

[18] *See Keller*, 2024 U.S. Dist. LEXIS 182137, at *6 (denying a motion to compel a nonparty's attendance at a subpoenaed deposition under Rule 45 because the rule provides for no such motions).

Mr. Garcia Delgado's only option is to file a motion to contempt—or a motion for an order to show cause as to why Celtic Bank should not be held in contempt for noncompliance.[19]  Where a nonparty has not objected to a subpoena for documents, or has failed to attend a subpoenaed deposition, Rule 45 provides: a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."[20]  But before exercising civil contempt authority, a court "must first issue an order to show cause requiring [the nonparty] to appear before the court to explain why the court should excuse [the nonparty's] failure to comply" with the subpoena.[21]  Typically, courts order nonparties to comply before considering a contempt finding.[22]

---

[19] A motion for an order to show cause is a most fitting option.  *See Martinez v. Pittsburg*, No. C 11-01017, 2012 U.S. Dist. LEXIS 27230, at *12 (N.D. Cal. Mar. 1, 2012) (unpublished) (explaining that, "when a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel").

[20] Fed. R. Civ. P. 45(g); *see also Cruz*, 2025 U.S. Dist. LEXIS 94550, at *9 (explaining Rule 45(g) is the "only avenue of relief" available where a nonparty does not object or respond to a document subpoena); *Keller*, 2024 U.S. Dist. LEXIS 182137, at *7 (explaining the same for a nonparty's failure to attend a subpoenaed deposition).

[21] *Moore Machine Tools LLC v. Aydin*, No. 2:24-cv-00793, 2025 U.S. Dist. LEXIS 201227, at *5 (D. Utah Oct. 9, 2025) (unpublished).

[22] *See* Fed. R. Civ. P. 45(g) advisory committee's notes to 2013 amendment (explaining "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena"); 9A *Wright & Miller's Federal Practice and Procedure* § 2465 (3d ed. 2025) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance.").  While some courts consider the subpoena itself to be a court order, such that a nonparty may be held in contempt for noncompliance, other courts take the

The question then becomes whether to construe Mr. Garcia Delgado's motion to compel as a motion for an order to show cause or a motion for contempt. To be sure, sometimes courts construe improperly filed motions to compel as motions for a Rule 45(g) contempt order.[23] But other times, they decline to do so.[24] Where Mr. Garcia Delgado makes his argument in two brief paragraphs, asserting only that the subpoenas are procedurally proper and seek relevant information,[25] his motion should not be construed as a motion for contempt or for an order to show cause.[26]

## CONCLUSION

Mr. Garcia Delgado's motion to compel[27] is denied without prejudice because it is procedurally improper. However, on or before April 6, 2026, Mr. Garcia Delgado may

---

more multi-step approach described here. *See Cruz*, 2025 U.S. Dist. LEXIS 94550, at *10 n.3 (collecting cases and noting differences among courts).

[23] *See, e.g.*, *Morgutia-Johnson v. City of Fresno*, No. 1:14-cv-00127, 2015 U.S. Dist. LEXIS 28535, at *8–9 (E.D. Cal. Mar. 9, 2015) (unpublished) (construing a motion to compel nonparty to attend a deposition as an application for an order to show cause for contempt).

[24] *See, e.g.*, *Moore*, 2025 U.S. Dist. LEXIS 201227, at *5 (explaining the court will issue an order to show cause for contempt under Rule 45(g) for a nonparty's failure to produce subpoenaed documents only on a motion from the party who served the subpoena); *Keller*, 2024 U.S. Dist. LEXIS 182137, at *7 (same for a nonparty's failure to attend a subpoenaed deposition).

[25] (Mot. 4–5, Doc. No. 1.)

[26] *See Bds. of Trs. of Cement Masons & Plasterers Health & Welfare Tr. v. Sound Floors Gypsum Concrete LLC*, No. 2:20-cv-01307, 2021 U.S. Dist. LEXIS 181341, at *4 (W.D. Wash. Sept. 22, 2021) (unpublished) (declining to construe a motion to compel compliance with a Rule 45 subpoena as a motion for an order to show cause where it was "sparsely supported" and lacked analysis).

[27] (Doc. No. 1.)

file a proper motion concerning the subpoenas under Rule 45(g).  Any such motion

must be served on Celtic Bank pursuant to Rule 4 of the Federal Rules of Civil

Procedure, and Mr. Garcia Delgado must file a proof of service with the motion.  Briefing

on any such motion shall proceed in accordance with Rule 7-1(a)(4)(D) of the Local Civil

Rules.  If Mr. Garcia Delgado fails to file his motion by April 6, 2026, the court will direct

the Clerk of Court to close this case.

DATED this 23rd day of March, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge